UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ANDREW MORRISON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LOS ANGELES SHERIFF, et al.,<br><br>　　　　Respondents. | No. CV 18-2290-JLS (AGR)<br><br>ORDER TO SHOW CAUSE |

On March 20, 2018, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) ("Petition"). For the reasons discussed below, the Court orders Petitioner to show cause, on or before **May 5, 2018**, why this Court should not recommend dismissal without prejudice based on what is commonly called *Younger* abstention.

**I.**

**SUMMARY OF PROCEEDINGS**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of public records of the state courts bearing on Petitioner.

On June 20, 2017, Petitioner was charged in Los Angeles County Superior Court case number SA095787 with a single count of residential burglary. On July 5, 2017,

Petitioner entered a not guilty plea, but the case remains pending. The court takes judicial notice of the public docket in Case No. SA095787. According to the public docket, in September and October of 2017, the court held three hearings pursuant to Cal. Penal Code § 1368, part of a statutory framework setting forth certain procedures for situations in which there is a doubt as to the defendant's competency to stand trial.[1] Petitioner was since transferred to Patton State Hospital – the docket has three entries in December 2017, January 2018, and February 2018 indicating "transport." The last "past event" on the docket is a March 28, 2018 "1370/ 1372 PC competency"

---

[1] California Penal Code section 1367 prohibits the trial or punishment of a mentally incompetent person, defined as one who, "as a result of mental disorder or developmental disability, . . . is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." *Id*, subd. (a).

California Penal Code section 1368 provides, in relevant part:
. . .
    (b)    If counsel informs the court that he believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369. If counsel informs the court that he or she believes the defendant is mentally competent, the court may nevertheless order a hearing. Any hearing shall be held in the superior court.
    (c)    Except as provided in Section 1368.1, when an order for a hearing into the present mental competence of the defendant has been issued, all proceedings in the criminal prosecution shall be suspended until the question of the present mental competence of the defendant has been determined.

*Id.* Once defense counsel has declared a doubt as to the defendant's competency, "[t]he court court shall appoint a psychiatrist or licensed psychologist, and any other expert the court may deem appropriate, to examine the defendant." Cal. Penal Code § 1369 (a). The examining doctors must then evaluate the defendant, including whether antipsychotic medication is likely to restore the defendant to mental competence. *Id.*

proceeding.² A report pursuant to § 1368 is scheduled for consideration by the court on May 9, 2018.

Petitioner indicates that he has appealed (or "request[ed]" to do so "with no response") (Petition at 2), but the trial court docket does not reflect this, nor does anyone named Scott Andrew Morrison have any pending case in the California Court of Appeal.

In the section of the form petition calling for Petitioner's grounds for relief, he presents the following claims and arguments, construed liberally: (1) ineffective assistance of his trial counsel, who was belligerent and threatening; (2) "illicit pre-trial testimony by" a victim; (3) "infringement of personal liberty"; (4) "defamation" of Petitioner's character by involuntarily placing him in the state hospital; and (5) "unlawful confinement after defendant was notified of dismissal of criminal charges." (Petition at 5-6.) Petitioner admits that he has presented none of his claims to either the California Court of Appeal or the California Supreme Court. (*Id*. at 5-7.)

## II.

## **ABSTENTION**

"As an exercise of judicial restraint, . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is

---

² Cal. Penal Code section 1370, while lengthy, essentially states that: (1) if a defendant is found mentally competent after an examination, then "the trial . . . shall proceed"; and (2) if a defendant is found mentally incompetent, then criminal proceedings "shall be suspended" until he or she is certified to be restored to competency. Section 1372 indicates what is to be done once "the medical director of the state hospital to which the defendant is committed" "determines that the defendant has regained mental competence[.]"

federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see also Younger v. Harris,* 401 U.S. 37, 44-45 (1971) (in general, federal court should not interfere with ongoing state proceedings).

Abstention from interference with pending state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, all of the prerequisites to *Younger* abstention appear to have been met. *Younger* involved criminal proceedings. The record indicates that Petitioner's criminal case remains pending in the trial court. Petitioner's claim here involve California's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Nothing prevents Petitioner from raising his federal claims in state court, either at the trial level or at the appellate level. Therefore, *Younger* abstention appears appropriate.

Petitioner has not demonstrated any "special" or "extraordinary" circumstance based upon which the Court should entertain the petition. Nor does any exception to *Younger* apply. An exception requires Petitioner to show he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of California in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124-25 (1975); *Younger*, 401 U.S. at 46. *Younger* abstention is proper when a California criminal defendant seeks federal habeas relief while undergoing mental health evaluation pursuant to Cal. Penal Code sections 1368 et seq. *See Maldonado v. Shafter-Wasco N. Div.*, 2012 U.S. Dist. LEXIS 159198, *4 n.1 (E.D. Cal. 2012) (noting, in dismissing criminal defendant's civil rights action

challenging still-pending criminal charges, that "he would likely fail" in a similar habeas action due to *Younger* doctrine).

Petitioner is further advised that federal habeas relief is unavailable when, as here, Petitioner has not exhausted his claims for relief in California state court. 28 U.S.C. § 2254(b)(1); *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he presented both the operative facts and the federal legal theory on which his claim is based to the California Supreme Court. *Duncan v. Henry*, 513 U.S. 364 (1995); *James*, 24 F.3d at 24.

## III.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **May 5, 2018**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal without prejudice based on *Younger* abstention.

***If Petitioner does not respond to this Order to Show Cause by May 5, 2018, the magistrate judge may recommend that the Court order the petition dismissed, without prejudice, based on* Younger *abstention.***

DATED: April 5, 2018

							Alicia G. Rosenberg
							ALICIA G. ROSENBERG
							United States Magistrate Judge